Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
(619) 233-7770
(619) 297-1022

Drew Lyman (SBN: 243091)
8330 Allison Avenue, Suite B
La Mesa, CA 91942
Tel. 619-804-0410
drew@drewlymanlaw.com

Attorneys for Yolanda Sanchez

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Yolanda Sanchez<br><br>                    Plaintiff,<br><br>v.<br><br>Baker, Sanders, Barshay, Grossman,<br>Fass, Muhlstock & Neuwirth, LLC,<br>and Pride Acquisitions, LLC | Case No: '12CV0520 MMA BLM<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

HYDE & SWIGART
San Diego, California

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Yolanda Sanchez, through Plaintiff's attorneys, brings this action to challenge the actions of Baker, Sanders, Barshay, Grossman, Fass, Muhlstock & Neuwirth, LLC and Pride Acquisitions, LLC, with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

HYDE & SWIGART
San Diego, California

5.    While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6.    Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7.    Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

### JURISDICTION AND VENUE

8.    Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9.    This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10.   Because Defendants do business within the State of California, personal jurisdiction is established.

11.   Venue is proper pursuant to 28 U.S.C. § 1391.

12.   At all times relevant, Defendants conducted business within the State of California.

### PARTIES

13.   Plaintiff is a natural person who resides in the City of Los Angeles, State of California.

14.   Baker, Sanders, Barshay, Grossman, Fass, Muhlstock & Neuwirth, LLC, ("Baker Law Firm") is located in the City of San Rafael, in the State of California.

15.   Pride Acquisitions, LLC, ("Pride") is located in the City of Wilmington in the State of Delaware.

HYDE & SWIGART
San Diego, California

16. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

18. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

19. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

20. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.   As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

21. Sometime before January 17, 2012, Plaintiff is alleged to have incurred certain consumer financial obligations to Chase Bank USA, N.A for a personal credit card.

22. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

23. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another

1   person and are therefore a "debt" as that term is defined by California Civil
2   Code §1788.2(d), and a "consumer debt" as that term is defined by California
3   Civil Code §1788.2(f).

4   24.   Sometime thereafter, but before January 17, 2012, Plaintiff allegedly fell
5         behind in the payments allegedly owed on the alleged debt.  Plaintiff currently
6         takes no position as to the validity of this alleged debt.

7   25.   Subsequently, but before January 17, 2012, the alleged debt was assigned,
8         placed, or otherwise transferred, to Pride for collection.

9   26.   Subsequently, Pride, a company that purchases debt for the purposes of debt
10        collection, and a debt collector pursuant to the FDCPA and California's
11        Rosenthal Act, retained Baker Law Firm, also a debt collector pursuant to the
12        FDCPA and California's Rosenthal Act, to proceed with legal action against
13        Plaintiff for the collection of Plaintiff's alleged financial obligations.

14  27.   Pursuant to the instructions of Pride, Baker Law Firm then filed a case against
15        Plaintiff on January 17, 2012 in the Superior Court, County of Imperial based
16        on the consumer account that was allegedly in default, Case No. EC1106904,
17        and subsequently served Plaintiff with the Summons and Complaint.

18  28.   The purpose of this case was not to pursue legitimate litigation, but to cause
19        the plaintiff financial hardship with the intent of coercing the plaintiff to settle
20        the action.

21  29.   When this action was filed in Imperial County, Plaintiff did not reside in
22        Imperial County.   Further, Plaintiff did not enter into a contract or account
23        stated with anyone while residing in Imperial County.

24  30.   Defendants brought the State court legal action against Plaintiff, unrelated to
25        real property, in a judicial district similar legal entity that is outside of where
26        Plaintiff allegedly signed the contract sued upon and is outside the judicial
27        district or similar legal entity where Plaintiff resided at the commencement of
28

HYDE & SWIGART
San Diego, California

the action. This conduct by Pride and Baker Law Firm violated 15 U.S.C. § 1692i.

31. Because this conduct by Pride and Baker Law Firm violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17, as well.

32. As a result of Pride and Firm's illegal conduct, Plaintiff has incurred damages, including being forced to defend a baseless action in a county in which she has never resided, and did not enter into a contract with either defendant.

33. In the state court complaint, Pride and Baker Law Firm brought causes of action for Breach of Contract and Account Stated, based on the one financial obligation.

34. The facts required for a basis in these two actions are mutually exclusive; if one allegation is factually correct, the other can not be factually correct.

35. None of these causes of action have merit, or evidentiary support, and were brought for the sole purpose of coercing the plaintiff to pay this alleged debt.

36. In the complaint filed in state court, Pride and Baker Law Firm listed Breach of Contract and Account Stated as the causes of action, but never demonstrated any facts to show that the Plaintiff breached a contract or ever entered into an Account Stated with either defendant.

37. While Pride and Baker Law Firm alleged that there was an Account Stated in this matter, there was no truth these claims, and Pride and Baker Law Firm knew or should have known that no such evidence ever existed to support its claims.  Consequently, these communications to Plaintiff and the court was a false, deceptive, and misleading statement related to the collection of a debt.

38. At no time did Pride or Baker Law Firm have any evidence of these actions, and, consequently, their actions and allegations were false, deceptive, and

HYDE & SWIGART
San Diego, California

1    misleading statements being made only for the purposes of coercing payment
2    from Plaintiff.

39.  At no time did Plaintiff enter into an Account Stated with anyone regarding
     this alleged debt.

40.  In this case, attorney Michael W. Reich swore under penalty of perjury that at
     the time the action was filed, "one or more of the named Defendants resided
     in [Imperial County]," and this statement was untrue.

41.  In this cause of action, Pride or Baker Law Firm use a false deceptive, or
     misleading representations or means in connection with the collection of a
     debt, in violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10) because an
     action under an account stated requires that parties forgo any previous bona
     fide contract between the parties and, *instead*, enter into a new contract
     between them, which never happened in this matter, a fact that Pride and
     Baker Law Firm either knew or should have reasonably known.

42.  Because this conduct by Pride and Baker Law Firm violated certain portions
     of the federal Fair Debt Collection Practices Act as these portions are
     incorporated by reference in the Rosenthal Fair Debt Collection Practices Act,
     through California Civil Code § 1788.17, this conduct or omission violated
     Cal. Civ. Code § 1788.17, as well.

43.  Pursuant to Cal. Code Civil Proc. § 128.7(b)(3), Baker Law Firm certified
     that Pride's allegations of account stated had evidentiary support, when, in
     fact, Pride and Baker Law Firm did not possess any evidence of any account
     stated of written contract.  Defendants did not possess any written contract, or
     any writing that showed an account stated, or contract, in writing, between
     Pride and Plaintiff.

44.  Had Pride and/or Baker Law Firm believed in good faith that such evidence
     existed and could be obtained, Pride and/or Baker Law Firm could have stated
     such in Pride's Complaint, in order to comply with CCP 128.7(b)(3).  Instead,

Pride and/or Baker Law Firm chose to ignore CCP 128.7(b)(3) despite Defendants' lack of any evidence of an account stated, and by doing so made a false certification under CCP 128.7(b)(3).

45. Through this conduct, Baker Law Firm and Pride used a false, deceptive, or misleading representation or means in connection with the collection of a debt.  Consequently, Baker Law Firm and Pride violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

46. Through this conduct, Baker Law Firm and Pride used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Baker Law Firm and Pride violated 15 U.S.C. § 1692f.

47. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

### CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

48. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

49. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

50. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

HYDE & SWIGART
San Diego, California

COUNT II

ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

CAL. CIV. CODE §§ 1788-1788.32

51.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

52.   The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

53.   As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

- An award of actual damages pursuant to California Civil Code § 1788.30(a);

- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

HYDE & SWIGART
San Diego, California

54.   Pursuant to the seventh amendment to the Constitution of the United States of
America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: March 1, 2012                    By: /s/ Joshua B. Swigart
                                        Joshua B. Swigart
                                        Attorneys for Plaintiff

**HYDE & SWIGART**
San Diego, California

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Yolanda Sanchez

### DEFENDANTS

Baker, Sanders, Barshay, Grossman, Fass, Muhlstock & Neuwirth, LLC, and Pride Acquisitions, LLC

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Hyde & Swigart
411 Camino Del Rio South Suite 301, San Diego, CA 92108

Attorneys (If Known)

**'12 CV 0520 MMA BLM**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692 et seq.

Brief description of cause:
Unfair Debt Collection Practices

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 75,001.00+

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE
03/01/2012

SIGNATURE OF ATTORNEY OF RECORD
s/Joshua B. Swigart

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.　(a) Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

　(b) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

　(c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.　Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

**III.　Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.　Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.　Origin.**  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

**VI.　Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity**.  Example:　U.S. Civil Statute: 47 USC 553
　　　　　　　　　　　　　　Brief Description: Unauthorized reception of cable service

**VII.　Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.　Related Cases.**  This section of the JS 44 is used to reference related pending cases if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.